UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILSON ROAD DEVELOPMENT, CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 1:11-CV-84 (CEJ) |
| FRONABARGER CONCRETERS, INC, et al., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendants Union Electric Company d/b/a Ameren Missouri (Ameren) and Citizens Electric Corporation (Citizens) for a trial separate from their co-defendant, Fronabarger Concreters, Inc., pursuant to Rules 20(b), 21, and 42(b) of the Federal Rules of Civil Procedure. Plaintiffs oppose the motion, and the issues are fully briefed.

Plaintiffs bring this action against all defendants under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.*, seeking a declaration of the defendants' responsibility for response and remediation costs arising from the chemical contamination of plaintiffs' property. Plaintiffs also assert common law claims of trespass, nuisance, and negligence against defendant Fronabarger. The defendants have filed crossclaims and counterclaims asserting CERCLA claims against one another and against the plaintiffs.

Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or

third-party claims." "District courts possess broad discretion to bifurcate issues for purposes of trial under Fed.R.Civ.P. 42(b)." O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990). "In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." Id. at 1202 (citing Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F.2d 1038, 1042 (8th Cir. 1983)).

The Court has carefully considered the arguments for and against holding separate trials. The Court agrees with Ameren and Citizens that plaintiffs' CERCLA claims against them (as "arrangers" of the disposal of hazardous substances) and against Fronabarger (as the current owner of the site from which the contamination emanated) are very different. Also, there are no longer any claims against Ameren and Citizens that are triable by a jury; only the common law claims against Fronabarger require trial by jury. Given the differences between the CERCLA claims against Ameren and Citizens on one hand and the CERCLA claims against Fronabarger on the other, the Court is unpersuaded by plaintiffs' assertion that there will be significant overlap between the two sets of environmental claims such that multiple trials would result in an "inefficient duplication of time and resources."

After considering the parties' arguments, the Court concludes that separate trials are warranted to preserve clarity of the issues, avoid confusion of the jury, and promote the interests of efficiency and economy.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Union Electric Company d/b/a Ameren Missouri and Citizens Electric Corporation for separate trial and to sever [Doc. #149] is **granted**.

IT IS FURTHER ORDERED that the claims against defendants Union Electric Company d/b/a Ameren Missouri and Citizens Electric Corporation are severed from the trial that is scheduled to commence on August 18, 2014 in the Southeastern Division. A trial date for the severed claims will be established by separate order.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2014.