UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILSON ROAD DEVELOPMENT, CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 1:11-CV-84 (CEJ) |
| FRONABARGER CONCRETERS, INC, et al., | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Fronabarger Concreters, Inc., to continue the trial date or, alternatively, to sever claims. Plaintiffs have filed a response, and the issues are fully briefed.

In this action, plaintiffs assert common law claims of trespass, negligence, and nuisance against Fronabarger as well as claims based on the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.* In addition, Fronabarger and defendants Union Electric Company d/b/a Ameren Missouri and Citizens Electric Corporation (the "Utility Defendants") assert CERCLA claims against one another and against the plaintiffs. In the instant motion, Fronabarger asks that the CERCLA claims asserted against it be tried separately from the common law claims.

Rule 42(b) of the Federal Rules of Civil Procedure provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." "District courts possess broad discretion to bifurcate issues for

purposes of trial under Fed.R.Civ.P. 42(b)." O'Dell v. Hercules, Inc., 904 F.2d 1194, 1201-02 (8th Cir. 1990). "In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities for confusion." Id. at 1202 (citing Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil, 704 F.2d 1038, 1042 (8th Cir. 1983)).

Previously, the Court granted the Utility Defendants' motion to sever the CERCLA claims asserted against them. The Court determined that severance was warranted due to the difference between the CERCLA claims made against Fronabarger and those made against the Utility Defendants and due to the fact that the only claims that were triable by a jury were the common law claims against Fronabarger. After further consideration of the issue, the Court now concludes that a severance of all CERCLA claims, counterclaims and crossclaims from all common law claims would be appropriate to preserve clarity of the issues, avoid confusion of the jury, and promote the interests of efficiency and economy.

The Court does not share plaintiffs' belief that separate trials will require them to present the same evidence twice. Evidence the plaintiffs present to support their common law claims against Fronabarger will be heard by the Court as well as by the jury and will be considered, to the extent relevant, in the non-jury trial against Fronabarger. Likewise, the plaintiffs will not have to present to the jury evidence that pertains only to the CERCLA claims against Fronabarger.

The trial of this case is scheduled to begin on August 18, 2014. Because the Court has already ruled that the CERCLA claims against the Utility Defendants will be tried at a later date, the trial of the common law claims against Fronabarger will

proceed on the scheduled trial date. Fronabarger has not persuaded the Court that the trials should be conducted in a different order.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Fronabarger Concreters, Inc., to continue the trial date or, alternatively, to sever claims [Doc. # 216] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the CERCLA claims, counterclaims and crossclaims asserted by and between all parties in this action are severed from the common law claims against defendant Fronabarger Concreters, Inc.

**IT IS FURTHER ORDERED** that the common law claims against defendant Fronabarger Concreters, Inc., remain set for trial on August 18, 2014, in the Southeastern Division.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of August, 2014.