UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILSON ROAD DEVELOPMENT CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:11-CV-00084-CEJ ) |
| FRONABARGER CONCRETERS, INC., et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Fronabarger Concreters, Inc., to strike its attorney from plaintiffs' witness list and for a protective order preventing plaintiffs from calling its attorney to testify at trial. The issues are fully briefed.

### I. Background

On August 11, 2014, the Court severed plaintiffs' common law claims for negligence, nuisance, and trespass against defendant Fronabarger from plaintiffs' claims against Fronabarger and the other defendants (and the cross-claims and counterclaims) for alleged violations of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.* A jury trial on the common law claims was scheduled for August 18, 2014. On August 12, 2014, however, in response to a new report by the United States Environmental Protection Agency (EPA), the Court removed the case from the trial docket and reopened limited discovery pertinent to the findings in that report. The Court reset the jury trial for February 17, 2015.

On July 21, 2014, plaintiffs filed a witness list, which includes seventeen witnesses that plaintiffs "will call to testify" at the jury trial and/or the bench trial and thirty additional witnesses that plaintiffs "may call to testify." [Doc. #180] Among the seventeen witnesses that plaintiffs will call to testify is Dale Guariglia, Fronabarger's attorney. In response, Fronabarger filed two motions to strike certain witnesses from plaintiffs' witness list and for protective orders preventing plaintiffs from calling those proposed witnesses to testify at the jury trial. First, Fronabarger filed a motion to strike twenty-eight of plaintiffs' proposed witnesses, including Guariglia, because those witnesses were never identified in plaintiffs' Rule 26 disclosures. [Doc. #179] The Court addresses that motion in a separate order. Second, Fronabarger filed a motion to strike Guariglia from plaintiffs' witness list and for a protective order preventing plaintiffs from calling him to testify at the jury trial because he is Fronabarger's counsel in this case. [Doc. #181]

II. Legal Standard

While no rule prohibits a party from calling opposing counsel as a witness at trial, "[t]he practice of forcing trial counsel to testify as a witness . . . has long been discouraged." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). In *Shelton*, the Eighth Circuit ruled that a party is forbidden from deposing opposing counsel, except where the party seeking the deposition proves that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Id.* (internal citation omitted). By logical extension, the *Shelton* rule also applies to determine whether an opposing counsel may be called as a witness at trial. The *Shelton* rule must apply with at least equal

2

force at trial because, *inter alia*, many states' rules of professional conduct require that, absent special circumstances, an attorney is disqualified from acting as trial counsel whenever she or he is a necessary witness.[1] Therefore, good cause exists both to strike the opposing counsel from the witness list and to issue a protective order preventing the party from calling the opposing counsel to testify unless that party produces evidence to satisfy each of the three prongs of the *Shelton* rule.

III. Discussion

Here, plaintiffs have not met their burden to show that no other means exist to obtain the information that they seek. *Id.* Plaintiffs seek Guariglia's testimony about certain communications between him and the EPA regarding the superfund site that is the subject of this lawsuit. Fronabarger counters that, rather than calling Guariglia to testify at trial, plaintiffs can call the EPA's representative to testify about those communications. Plaintiffs respond that the EPA representative with whom Guariglia communicated, Barbara Peterson, is no longer assigned to matters involving the site, and that the "EPA has indicated that it will not make its representative available to testify." [Doc. #220, at 3] However, plaintiffs have provided no evidence that the EPA has *refused* to allow its representative to testify. Moreover, plaintiffs have not shown that Peterson is unavailable to testify about her communications with Guariglia.

Plaintiffs explain that it will not be necessary to call Guariglia or Peterson at trial if the Court grants one of their pending motions in limine, which seeks to exclude any mention of Guariglia's communications with the EPA from the trial.

---

[1]For example, Mo. S. Ct. R. Prof'l Conduct 4-3.7 requires as follows:
  A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

3

Regardless of whether the Court grants that motion, however, plaintiffs have not demonstrated that no other means exist to obtain the information about those communications. Therefore, plaintiffs have failed to satisfy the first prong of the *Shelton* rule.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to strike Dale Guariglia from plaintiffs' witness list and for a protective order [Doc. #181] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs are prohibited from calling Dale Guariglia as a witness at trial.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2015.

4