UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILSON ROAD DEVELOPMENT CORPORATION, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 1:11-CV-00084-CEJ ) |
| FRONABARGER CONCRETERS, INC., et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Fronabarger Concreters, Inc., to strike twenty-eight proposed witnesses from plaintiffs' witness list and for a protective order preventing plaintiffs from calling any of those witnesses to testify at trial. The issues are fully briefed.

I. Background

On August 11, 2014, the Court severed plaintiffs' common law claims for negligence, nuisance, and trespass against defendant Fronabarger from plaintiffs' claims against Fronabarger and the other defendants (and the cross-claims and counterclaims) for alleged violations of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.* A jury trial on the common law claims was scheduled for August 18, 2014. On August 12, 2014, however, in response to a new report by the United States Environmental Protection Agency (EPA), the Court removed the case from the trial docket and reopened limited discovery pertinent to the findings in that report. The Court reset the jury trial for February 17, 2015.

On July 21, 2014, plaintiffs filed a witness list, which includes seventeen witnesses that plaintiffs "will call to testify" at the jury trial or the bench trial, or both, and thirty additional witnesses that plaintiffs "may call to testify." [Doc. #180] In response, Fronabarger moved to strike twenty-eight of plaintiffs' proposed witnesses because those witnesses were never identified in plaintiffs' Rule 26 disclosures. [Doc. #179]

II. Legal Standard

Fed. R. Civ. P. 37(c)(1) provides that "[i]f a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." *See Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011). Whether a Rule 26 violation was substantially justified or is harmless is determined by weighing the following factors:

> (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Rodrick v. Wal-Mart Stores E., L.P.*, 666 F.3d 1093, 1097 (8th Cir. 2012) (citation omitted). However, "the court need not make explicit findings concerning the existence of a substantial justification or the harmlessness." *Id.*

III. Discussion

Plaintiffs admit that the twenty-eight witnesses that Fronabarger identified in its motion to strike were not included in their Rule 26(a) initial disclosures or in any supplemental disclosures. Plaintiffs have also agreed not to call twenty-five of those witnesses to testify at the jury trial. Therefore, Fronabarger's motion seeking to strike those twenty-five witnesses is moot. The motion is also moot as to Dale Guariglia, who

is an attorney for the defendant. In a separate order, the Court struck Guariglia from plaintiffs' witness list and prohibited plaintiffs from calling him to testify.

Plaintiffs state that they intend to call Barbara Peterson, an EPA employee, as a witness at trial. Peterson communicated with Guariglia about Fronabarger's proposals to limit the deed restrictions that the EPA placed on the superfund site. (One of plaintiffs' motions in limine seeks to exclude all evidence of those communications from the trial.) Fronabarger's rationale for preventing plaintiffs from calling Guariglia to testify about those communications was that plaintiffs could call Peterson to testify about them. Having successfully demonstrated that Peterson should be called to testify in lieu of Guariglia, Fronabarger is precluded from arguing that plaintiffs should now be prohibited from calling Peterson to testify. Plaintiffs' failure to identify Peterson as a potential witness in their Rule 26 disclosures is harmless.

Finally, defendant Fronabarger seeks to preclude plaintiffs from calling Stan Polivik, yet Fronabarger has included Polivik in its own witness list. The plaintiffs' failure to identify Polivik as a potential witness in their Rule 26 disclosures is rendered harmless by the fact that Fronabarger anticipates that Polivik may be one of its own witnesses at trial.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's motion to strike twenty-eight witnesses from plaintiffs' witness list and for a protective order [Doc. #179] is **denied**.

                                                                            _____
                                                                            CAROL E. JACKSON
                                                                            UNITED STATES DISTRICT JUDGE

Dated this 21st day of January, 2015.