UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

WILSON ROAD DEVELOPMENT      )
CORPORATION, et al.,          )
                              )
        Plaintiffs,           )
                              )
    vs.                       )        Case No. 1:11-CV-84-CEJ
                              )
FRONABARGER CONCRETERS, INC., )
et al.,                       )
                              )
        Defendants.           )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for leave to file an amended complaint. Defendants have responded, and the issues are fully briefed.

### I.  Legal Standard

As an initial matter, plaintiffs have identified the incorrect standard under which to bring their motion. Plaintiffs invoke Federal Rule of Civil Procedure 15(a)(2)'s mandate that a court "should freely give leave when justice so requires." But a Case Management Order, issued pursuant to Rule 16, has been in effect since October 3, 2011.

Rule 16(b)(1) requires the Court to issue a scheduling order in any case not exempted from such requirements by local rule. Rule 16(b)(3)(A) mandates that: "The scheduling order must limit the time to . . . amend the pleadings . . . ." Rule 16(b)(4) further provides that: "A schedule may be modified only for good cause and with the judge's consent." Therefore, it is Rule 16(b)(4), not Rule 15(a)(2), that governs whether plaintiffs may amend their complaint. *See Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 350 (8th Cir. 2013) (citing *Sherman v. Winco*

*Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008), which held that, "Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a)").

Rather than denying plaintiffs' motion outright, however, the Court will construe the motion for leave to amend under Rule 15(a) as a motion to extend the deadline to amend pleadings established by the Case Management Order, pursuant to Rule 16(b). And under Rule 16(b)(4), as just stated, plaintiffs must show good cause for extending the deadline to amend pleadings.

## II. Discussion

The schedule originally set by the Case Management Order established November 15, 2011, as the deadline to amend pleadings. Though the Case Management Order was modified several times, none of those modifications extended that deadline. Consequently, plaintiffs must show good cause to extend the deadline to amend the pleadings by nearly four years, mere weeks before trial.

"The good-cause inquiry required under Rule 16(b) is more narrow than the [Rule 15] analysis . . . . The primary measure of good cause is the movant's diligence in attempting to meet the [case management] order's requirements." *Sherman*, 532 F.3d at 717 (quotation marks and citations omitted). Because the good-cause inquiry "focus[es] in the first instance (and usually solely) on the diligence of the party who [seeks] modification of the [scheduling] order," a court "will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Id.* (citations omitted).

In *Sherman*, the Eighth Circuit found that the party seeking to amend to assert a new affirmative defense was not diligent and thus had not shown good cause for its delay. *Id.* That was so because, *inter alia*, the movant waited to seek leave to amend "until two and a half years after the suit was filed; a month after the close of discovery; . . . almost eighteen months after the deadline for amending pleadings; and eight full months after it was actually aware of the [defense]." *Id.* The Eighth Circuit was also unpersuaded that good cause existed because, "no change in the law, no newly discovered facts, or any other changed circumstance made the [newly asserted] defense more viable after the scheduling deadline for amending pleadings." *Id.* at 718.

*Sherman*'s analysis is highly relevant here. Plaintiffs have not shown good cause to modify the Case Management Order because they were not diligent in bringing their motion to amend. As noted above, the deadline to amend pleadings was November 15, 2011, nearly four years before plaintiffs filed their motion. This delay contradicts any claim of diligence.

Plaintiffs contend that since the complaint was filed, factual developments have occurred which in the interest of justice warrant amendment. Discovery on all but one issue closed on January 17, 2013. Plaintiffs did not seek to amend at that time based on new facts acquired during the course of discovery.

Plaintiffs' proposal to "clean up" the complaint by excising references to a dismissed defendant and to dismissed claims also does not constitute good cause for the amendment. The references to the dismissed party and claims do not create confusion, and the Court finds it unnecessary to delete them from the complaint.

Finally, the Environmental Protection Agency's issuance of the Third Five-Year Review Report regarding the MEW site does not establish good cause. Plaintiffs had access to the EPA report on August 5, 2014, and they did not seek to file an amended complaint at that time. Thereafter, the Court reopened discovery for the limited purpose of addressing the EPA report. New deadlines—the last of which was January 16, 2015—were established for expert discovery and for filing exhibit lists, witness lists, and discovery designations. Plaintiffs did not seek to file an amended complaint to add new claims based on the EPA report at that time. Instead they delayed until just weeks before trial. Plaintiffs have provided no justifiable excuse for their lack of diligence, and so they have not shown good cause for extending the deadline to amend pleadings on the basis of any new claims gleaned from the EPA report.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for leave to amend the complaint [Doc. #340] is **denied**.

_____

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2015.